# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE & CASUALTY COMPANY,

      Plaintiff,

vs.                                       No. CIV 96-1336-MV/JHG

DELLA RUIZ, PATRICK RUIZ, and JESSICA
MUNOZ, Personally and as Guardian and Personal
Representative of the Estate of Patrick Munoz,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Jessica Munoz's Motion for Partial Summary Judgment filed December 3, 1998 **[Doc. No. 83]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff State Farm Fire & Casualty Company ("State Farm") brought this action seeking a declaratory judgment that it was not liable to defend or indemnify its insured, Patrick Ruiz, as a result of a state court action brought by Defendant Jessica Munoz. Jessica Munoz filed counter-claims asserting bad faith, breach of contract, unfair insurance practices, unfair trade practices, and

1

prima facie tort, and seeking to hold State Farm liable for a $1,000,000 settlement entered in favor of Jessica Munoz and against the insured Patrick Ruiz.

For the purpose of resolving this motion, the Court finds that the following are the undisputed facts:

1.      On or about August 12, 1991, Patrick Munoz, then five years old, sustained injuries which ultimately resulted in his death.

2.      At the time of his death, Patrick Munoz was at the home of Patrick Ruiz, his biological father, and Della Ruiz, Patrick Ruiz' wife.

3.      Patrick Ruiz was subsequently convicted of child abuse in violation of Section 30-6-1-(C) of the New Mexico Statutes as a result of Patrick Munoz' death. He appealed the conviction which was affirmed. *State v. Ruiz*, 119 N.M. 515, 892 P.2d 962 (Ct.App.) *cert. denied* 119 N.M. 354, 890 P.2d 807 (1995).

4.      At the time of Patrick Munoz' death, Patrick and Della Ruiz were covered by a homeowner's policy issued by State Farm. The policy provided coverage for bodily injury caused by an "occurrence" which is defined as an "accident." The policy specifically excluded injuries "either expected or intended by an insured."

5.      In 1994, Jessica Munoz, personally and as guardian and personal representative of the estate of Patrick Munoz, filed a civil suit against Patrick Ruiz, Della Ruiz, and Efren Ruiz in the Second Judicial District, County of Bernalillo, State of New Mexico.[1]

---

[1] Efren Ruiz is the grandfather of Patrick Munoz and the father of Patrick Ruiz and was allegedly present at the Ruiz home during relevant time periods. Efren Ruiz was subsequently dismissed from the state court action when it was determined that he was not present at the time of the injury.

6.     The factual allegations of the complaint state that "Patrick Munoz died on August 12, 1991. The death was caused by traumatic closed head injuries. It was reported that he fell off a trailer from a height of five feet, seven inches at his father's residence . . . ." The complaint further alleges that all three named defendants were present and owed a duty of care to Patrick Munoz. Under the caption "Wrongful Death," the complaint asserts that Patrick Munoz's death was "caused by the wrongful act, neglect of default" of defendants. Under the caption "Negligence," the complaint asserts that Patrick Ruiz's death "was proximately caused by the negligence of Defendants." Finally, under the caption "Negligence Per Se," the complaint alleges that Patrick Ruiz was convicted of "knowingly, intentionally, or negligently, and without justifiable cause, causing or permitting Patrick Munoz to be placed in a situation that may endangered his life or health which resulted in the death or great bodily harm to Patrick Munoz" and that such conduct constitutes negligence per se. No other facts are alleged in the complaint.

7.     Della Ruiz subsequently requested a defense and indemnification from State Farm under the Ruiz' Policy for the claims asserted against her in the civil action. State Farm provided a defense to Della Ruiz under a reservation of rights.

8.     State Farm sent Patrick Ruiz a reservation of rights letter and non-waiver agreement on April 2, 1996, although Patrick Ruiz had not yet requested a defense at that time.

9.     On September 24, 1996, State Farm filed the instant action seeking a declaratory judgment that it was not required to defend or indemnify Della Ruiz.

10.     At some point after September 24, 1996, Patrick Ruiz requested a defense and indemnification from State Farm.

11.     On October 25, 1996, State Farm sent Patrick Ruiz a letter denying coverage and refusing to provide a defense.

12.     State Farm subsequently amended the complaint in this action seeking a declaratory judgment that it was not obliged to defend or indemnify Patrick Ruiz.

13.     Prior to trial, Jessica Munoz offered to settle her claims against the Ruizes within the policy limits. State Farm refused these offers.

14.     The case against Della Ruiz proceeded to trial in April of 1997. At trial, Jessica Munoz presented evidence that Patrick Munoz died as a result of physical abuse inflicted by his father and that Della Ruiz was aware of the ongoing abuse but failed to take action. An attorney for State Farm, representing Della Ruiz, presented evidence that Patrick Munoz died from a fall from a tree. A verdict was entered in favor of Della Ruiz.

15.     State Farm subsequently dismissed Della Ruiz from this action.

16.     On May 2, 1997, the state district court entered a stipulated judgment against Patrick Ruiz and in favor of Jessica Munoz in the amount of $1,000,000. An amended judgment was entered on August 21, 1997, clarifying that the state district court had not determined whether the settlement amount was reasonable.

17.     The amended judgment incorporated the terms of a settlement agreement and an assignment of rights in which Jessica Munoz obtained all of Patrick Ruiz's rights as an insured against State Farm in exchange for a covenant not to execute the judgment against Patrick Ruiz personally.

In the present action, State Farm previously moved for summary judgment in its favor, arguing that it was not required to defend or indemnify Patrick Ruiz for the injuries sustained by

Patrick Munoz. This Court issued a Memorandum Opinion and Order on June 16, 1998, denying summary judgment to State Farm. Jessica Munoz now moves for partial summary judgment in her favor.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590

F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## ANALYSIS

In the motion currently before the Court, Jessica Munoz seeks judgment in her favor on that part of her claim which asserts that State Farm breached its duty to defend Patrick Ruiz. In addition, Jessica Munoz argues that, as a result of the breach of the duty to defend, State Farm is liable as a matter of law for the full amount of the settlement entered into by Jessica Munoz and Patrick Ruiz. State Farm resists, arguing that it had no duty to defend and that even if it did, it is not automatically liable for the settlement amount. Further, the parties both seek to collaterally or judicially estop the other from raising certain arguments regarding the manner of Patrick Munoz's death.

Having reviewed these arguments, the Court concludes that State Farm did breach its duty to defend and, as a result, may not now raise coverage defenses to avoid liability for the settled judgment. However, State Farm is only liable beyond the policy limits if Jessica Munoz can establish bad faith on its part. In addition, State Farm may still challenge the reasonableness of the settlement entered into by its insured and Jessica Munoz. Finally, the Court will not decide whether the parties should be estopped from making certain arguments regarding the cause of Patrick Munoz's death as these issues are not relevant to resolution of the pending motion, as explained below.

## A.    Breach of Duty to Defend

Jessica Munoz moves for summary judgment in her favor on the claim that State Farm breached its duty to defend Patrick Ruiz in the underlying state court action. State Farm resists, arguing that it was not obliged to defend because the complaint did not plead facts indicating an "accident" but instead demonstrated an intentional act by Patrick Ruiz.[2]

"The obligation of an insurance company to indemnify is independent of its obligation to defend." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 857 F.Supp. 822, 829 (D.N.M.1994); *Lujan v. Gonzales*, 84 N.M. 229, 233, 501 P.2d 673, 677 (Ct.App.), *cert. denied*, 84 N.M. 219, 501 P.2d 663 (1972). "An insurer's duty to defend arises out of the nature of the allegations in the complaint filed against the insured." *Servants of Paraclete*, 857 F.Supp. at 829; *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619, 642 P.2d 604, 605 (1982); *American Employers' Ins. Co. v. Continental Ins. Cas. Co.*, 85 N.M. 346, 348, 512 P.2d 674, 676 (1973). "If the allegations on the face of the complaint are 'potentially' or 'arguably' within the scope of coverage, the insurer is obligated to defend." *Servants of Paraclete*, 857 F.Supp. at 829; *Sena v. Travelers Ins. Co.*, 801 F.Supp. 471, 473 (D.N.M.1992); *American General Fire & Cas. Co. v. Progressive Cas. Co.*, 110 N.M. 741, 744, 799 P.2d 1113, 1116 (1990). "Only where the allegations are completely outside policy coverage may the insurer justifiably refuse to defend." *State Farm Fire & Casualty Co. v. Price*, 101 N.M. 438, 442, 684 P.2d 524, 528 (Ct.App.) *cert. denied*, 101 N.M. 362, 683 P.2d 44 (1984) overruled on other grounds, *Ellingwood v. N.N. Investors Life Ins. Co.*, 111 N.M. 301, 805

---

[2]In earlier proceedings between the parties, State Farm had asserted that it was not obliged to defend on the additional grounds that Patrick Munoz was a resident of the home and therefore an "insured" under the policy. State Farm has failed to pursue this argument in its Response to Jessica Munoz's Motion for Summary Judgment. The Court concludes therefore that the argument has been abandoned.

P.2d 70 (1991)). "[A]ny doubt about whether the allegations are within policy coverage is resolved in the insured's favor." *Id.* (citing 14 Couch, § 51:49).

Further, facts outside of or contrary to the complaint will not alleviate the insurer's duty to defend absent a judicial declaration to that effect. *Servants of Paraclete*, 857 F.Supp. at 832; *Mullenix*, 97 N.M. at 620, 642 P.2d at 606. "Under New Mexico law, if a complaint states facts within a policy's coverage, an insurer has a duty to defend even if its own investigation reveals that the claim sued upon is not in fact covered." *Servants of Paraclete*, 857 F.Supp. at 832; *Mullenix*, 97 N.M. at 620, 642 P.2d at 606. The duty to defend is "determined not by the actual underlying facts of the transaction, as the coverage issue is, but by the allegations of the injured party's complaint." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 985 (10th Cir. 1994).[3] However, the complaint must actually "'state facts' that suggest the case falls within the policy's coverage; abstract and completely unsubstantiated allegations will not do." *Mhoon*, 31 F.3d at 985 (citing *Mullinex*, 97 N.M. at 619, 642 P.2d at 605).

"The insurer must also fulfill its promise to defend even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the alleged facts tend to show an occurrence within the coverage." *Mullinex*, 97 N.M. at 619-20, 642 P.2d at 605-606; *Valley Improvement Assoc. Inc. v. United States Fidelity & Guaranty Corp.*, 129 F.3d 1108, 1116 (10th Cir. 1997). When the factual allegations of the complaint are ambiguous, the court in a collateral proceeding such as this one may not make factual findings to resolve ambiguities. *Lopez v. New Mexico Public Schools Ins. Authority*,

---

[3]The only recognized exception to this rule is when coverage depends on the date of the incident and the date is not in dispute. *See Guaranty Nat'l Ins. Co. v. C de Baca*, 120 N.M. 806, 810 907 P.2d 210, 214 (Ct.App.N.M. 1995).

117 N.M. 207, 870 P.2d 745, 749 (1994); *see also Transamerica Ins. Group v. Hinkle-Keeran Group, Inc.,* 53 F.3d 343, 1995 WL 251504, *5(10th Cir 1995). "The factual determination is not for this Court [the court in the collateral proceedings] but for the court in the primary action." *Lopez*, 117 N.M. at 211, 870 P.2d at 749. Rather, the court must construe all ambiguities in favor of the insured and in favor of coverage. *Valley Improvement*, 129 F.3d at 1116. Only when the complaint alleges facts which would clearly place the event outside of the policy coverage may an insurer justifiably refuse to defend. *Id.*

Applying these principles, New Mexico courts have held that the insurer had a duty to defend based on the allegations of the complaint even when the "true facts" of the situation demonstrated that the incident did not fall within the policy coverage. In the seminal case of *Mullenix, supra*, 97 N.M. 618, 642 P.2d 604, the New Mexico Supreme Court held that the insurer had a duty to defend a claim of damage to a tractor-trailer where the complaint was ambiguous as to whether the trailer was being towed at the time– in which case an exception to coverage would apply– even though the insurer's own investigation demonstrated that the tractor was in fact being towed. *Id.* at 620. Likewise, in *Progressive Cas. Co., supra*, 110 N.M. 741, 799 P.2d 1113, the Supreme Court held that the company providing homeowner's insurance was obliged to defend where the complaint stated that a personal aid had been injured helping the insured up a wheel chair ramp. The insurer remained obliged to defend even when it was discovered during course of litigation that the ramp involved was attached to a van until the trial court relieved it of that obligation. *Id.* at 744-45. Most recently, the Supreme Court addressed whether an insurer was obliged to defend a complaint alleging sexual misconduct of a teacher towards a student. *Lopez v. New Mexico Public Schools Ins. Authority*, 117 N.M. 207, 870 P.2d 745 (1994). After reviewing the facts of the complaint, which

could support claims based on other theories in addition to the allegation of sexual harassment, the court held,

> [b]ecause we cannot say as a matter of law that all of the personal injury claims in the federal lawsuit arose from an act of sexual molestation that was excluded from coverage . . . [the insurer] had the duty to defend the federal lawsuit until it could establish in that primary action that the claims for discrimination and civil rights violations were factually supported only by acts connected with sexual misconduct.

*Id.* at 208. Similarly, the New Mexico Court of Appeals held that the insurer had a duty to defend despite its claim that the car involved in the accident was "regularly available" to the tortfeasor, thereby excluding coverage, where the complaint failed to specify whose car was being driven at the time of the accident. *Price*, 101 N.M. at 443, 684 P.2d at 529.

Finally, the Tenth Circuit Court of Appeals, applying New Mexico law, recently held that the insurer had a duty to defend where the complaint, although ambiguous, "could have been construed as stating claim" within the policy. *Valley Improvement*, 129 F.3d at 1116-17. The plaintiffs in the underlying tort action in *Valley Improvement* sought compensation for damages caused by cattle grazing on property within their development. The insurance agent "assumed" that the properties were either owned or controlled by the insured thereby bringing the claims within an exception to coverage. *Id.* at 1116. The Tenth Circuit stated, "[a]lthough [the insurer's] inference that [the insured] had exercised control over the landowners' lots . . . might be reasonable, it certainly is not the only reasonable inference to be drawn from the broadly- worded pleading." *Id.* Because the complaint, which failed to specify who owned the lots, "could have been construed as stating a claim," the court, and the insurer, had to construe the complaint in favor of coverage. *Id.* at 1117.

In the present case, the complaint in the underlying tort action provides, in pertinent part, as follows:

Statement of Facts

. . .

10.     Patrick Munoz died on August 12, 1991. The death was caused by traumatic closed head injuries. It was reported that he fell off a trailer from a height of Five feet, seven inches at his father's residence at 412 ½ Barcelona SW, Albuquerque, New Mexico.

11.     Defendant Patrick L. Ruiz, who was present at all times. [sic]

. . .

13.     The Defendants named herein all owed a duty of care to Patrick Munoz.

Count I: Wrongful Death

. . .

16.     The death of Patrick Munoz was caused by the wrongful act, neglect of default [sic] of Defendant Patrick L. Ruiz [and the other named defendants] who individually and together, by their actions or by their failure to act, caused the death of Patrick Munoz.

Count II: Negligence

. . .

18.     The death of Patrick Munoz was proximately caused by the negligence of Defendants who individually and together, by their actions or by their failure to act, caused the death of Patrick Munoz.

Count III: Negligence Per Se

. . .

1.     Defendant Patrick L. Ruiz was convicted of a first degree felony for violations of § 30-6-1(C) NMSA 1978 for knowingly, intentionally, or negligently, and without justifiable cause, causing or permitting Patrick Munoz to be placed in a situation that may endangered his life or health which resulted in the death or great bodily harm to Patrick Munoz.

2.     Such conduct constitutes negligence per se.

Before turning to the contentions of State Farm, it is helpful to consider what this complaint

actually pleads. The complaint asserts that Patrick Munoz died as a result of "traumatic closed head

injuries;" that it was "reported" that he had suffered a fall; that Patrick Ruiz was present during the

incident; that Patrick Ruiz owed a duty of care to Patrick Munoz; and that Patrick Ruiz's negligent actions or failure to act caused Patrick Munoz's death. Elsewhere, the complaint alleges that Patrick Ruiz was convicted of "knowingly, intentionally, or negligently, and without justifiable cause, causing or permitting Patrick Munoz to be placed in a situation that may endanger his life or health which resulted in the death or great bodily harm to Patrick Munoz," which the complaint asserts is negligence per se. Nothing in the complaint, however, connects the conviction for child abuse with the death of Patrick Munoz. The conviction itself is for actions "which resulted in the death or *great bodily harm* to Patrick Munoz." Thus, the complaint is ambiguous as to whether the claim for wrongful death arose from the same set of facts as the conviction for child abuse and the claim for negligence per se. On its face, the complaint could plead separate causes of action, one for death caused by a "reported fall" as a result of Patrick Ruiz's unspecified negligent acts or failure to act, and one for a claim of negligence per se as a result of Patrick Ruiz's abuse of the child causing unspecified great bodily injury.

In this regard, the complaint at issue here speaks volumes through it silence. The complaint does not clearly identify what negligent actions or inactions by Patrick Ruiz caused Patrick Munoz's death nor does it specify what injuries Patrick Munoz suffered as a result of his father's abuse. The two items are very carefully pled in separate causes of action, creating ambiguity in the complaint.

Turning to the issue presently before the Court, State Farm contends that the facts alleged fail to state a claim even arguably within the policy coverage because the facts do not demonstrate an accident but rather an intentional act of abuse by Patrick Ruiz. State Farm notes that the homeowner's policy it provided covered only injuries resulting from an "occurrence" defined elsewhere in the policy as an "accident." The policy also specifically excluded bodily injury intended

or expected by the insured. State Farm asserts that since the statute under which Patrick Ruiz was convicted requires both an abusive act by the parent and proof "that the defendant knew or should have known of the danger involved and acted with a reckless disregard for the safety or health of the child," the facts alleged in the complaint do not allege an "accident" and clearly fall outside the policy coverage. *See Santillanes v. State of New Mexico*, 115 N.M. 215, 222, 849 P.2d 358, 365 (1993); *State v. Coe*, 92 N.M. 320, 587 P.2d 973 (Ct.App.), *cert. denied*, 92 N.M. 353, 588 P.2d 554 (1978).

In its prior Memorandum Opinion and Order of June 16, 1998, this court rejected State Farm's argument that it was not required to defend Patrick Ruiz as a matter of law. Specifically, the Court stated that the statute under which Patrick Ruiz was convicted left room for the possibility that he acted with gross negligence but not with the intent to injure or kill his son. Accordingly, the Court held that the allegations of the complaint did not clearly plead facts which were inconsistent with an accident or which eliminated the possibility that Patrick Munoz's injuries were not intended. The Court incorporates those findings by reference here.

Moreover, for State Farm's argument to have even minimal credence, the complaint must be read as stating that the actions by Patrick Ruiz which resulted in his conviction for child abuse are the same actions as those which resulted in Patrick Munoz's death. While this is one reasonable inference to be made from the complaint it is not the only reasonable inference. *See Valley Improvement*, 129 F.3d at 1116. The complaint does not clearly state that Patrick Munoz died as a result of his father's abusive acts. Rather, the complaint is ambiguous and "could have been construed as stating a claim" for wrongful death for a fall which resulted from Patrick Ruiz's negligent supervision of the child. Since death from a fall could reasonably be an accident, the facts

of the complaint do no clearly preclude coverage. As in *Valley Improvement*, "[a]lthough the . . . pleadings do not allege an accident, neither do they clearly indicate that the [injury] was not the result of an accident. The claims were potentially within the coverage . . . and should have been defended" by State Farm. *Id*. at 1120. And as in *Lopez*, "[a]lthough it appears to this Court from the factual allegations supporting the causes of action that these claims most likely arose from the [abuse leading to the conviction,] that . . . factual determination is not for this Court but for the court in the primary action." *Lopez,* 117 N.M. at 210-11, 870 P.2d at 748-49; *see also Mhoon*, 31 F.3d at 986 ("While principles of collateral estoppel would foreclose any claim that Mhoon was entitled to insurance coverage, they might not necessarily provide direct support for ruling that State Farm owed Mhoon no duty to defend since, again, the duty to defend is determined by reference not to the facts as ultimately found by a jury or judge, but as pleaded in the tort action complaint.").

This Court recognizes the potential for artful if not deceptive pleading to bring a complaint within the coverage of an insurance policy even when the plaintiff knows full well that facts exist which would preclude coverage. Indeed, the complaint at issue in this case could be described as a masterpiece of such precision pleading. Particularly in light of the fact that Jessica Munoz prosecuted her claim against Della Ruiz by presenting evidence that Patrick Munoz died as a result of the intentional abuse of his father, the Court is inclined to conclude that the complaint may have been intentionally drafted with ambiguities for the sole purpose of reaching the insurance policy proceeds.

While the Court does not endorse this type of behavior, the proper course of action for State Farm in this situation was to challenge the complaint in the primary tort action, not to refuse a defense and then file a collateral declaratory judgment action in this Court. As the New Mexico Supreme Court recently reiterated, "a determination of whether an exclusion relieves an insurer from

a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." *Lopez*, 117 N.M. at 210, 870 P.2d at 748; *Mullenix*, 97 N.M. at 619-20, 642 P.2d at 605-06. Thus, in *Mullenix*, the New Mexico Supreme Court observed that an insurer who has in its possession facts contrary to or not pled in the complaint demonstrating that the policy does not cover the injury alleged must bring these facts to the attention of the trial court in the primary action and request to be relieved of the duty to defend, rather than merely abdicating its responsibility to its insured, waiting to see what the outcome of the case is and then suing its own insured in a declaratory judgment action. *Mullenix*, 97 N.M. at 619-20, 642 P.2d at 605-06. "We believe this is the better rule because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy." *Id.* at 620, 606. The court reiterated this position most recently in *Lopez*, again holding that the insurer was under a duty to defend until it satisfied the trial court in the primary action that all claims arose from excludable acts. *Lopez*, 117 N.M. at 210, 870 P.2d at 748; *see also Servants of Paraclete*, 857 F.Supp. at 830 ("Where coverage under the policy is in some doubt, the proper remedy, under New Mexico law, is for the insurer to seek a court determination as to non-coverage of the primary action; mere unilateral determination that there is no duty to defend is not an acceptable remedy for the insurer.").

   Given that Jessica Munoz herself placed before the trial court evidence that Patrick Munoz's death was the result of intentional abuse, this Court has no doubt that the state court would have concluded that the claims fell outside the scope of the policy coverage if State Farm had simply asked for such a determination. State Farm, however, chose to refuse coverage based solely on its own unilateral determination rather than following the clear dictates of the New Mexico Supreme

Court. State Farm must now live with the consequences of that choice which include that it can no longer assert that the "true facts" demonstrate that it had no duty to defend the state court case. Having failed to challenge the complaint in state court, State Farm is now bound by the facts pled in the complaint, with all its ambiguities, at least with regard to its duty to defend.

In sum, the allegations of the complaint in the primary state court action are ambiguous. The facts pled could support a claim for an accidental death which would be within the coverage of the State Farm policy. More to the point, the facts pled do not clearly place the injuries beyond the scope of the insurance coverage. State Farm failed to challenge the factual allegations of the complaint in state court and failed to request that the state court relieve it of any duty to defend. Accordingly, State Farm was bound to defend Patrick Ruiz in the state court action. By unjustifiably refusing to defend Patrick Ruiz, State Farm breached its duty to defend to its insured. Accordingly, Jessica Munoz is entitled to judgment as a matter of law on that part of her complaint alleging breach by State farm of the duty to defend. The remaining questions before the Court concern what the consequences of that breach are.

**B.      State Farm's Liability for the Judgment**

Jessica Munoz asserts that as a result of State Farm's unjustified refusal to defend its insured, State Farm has waived all coverage defenses, or is estopped from raising such defenses, and thus is automatically liable for the full amount of judgment entered against its insured, even in excess of the policy limits. Munoz further asserts that State Farm should be estopped from challenging the

reasonableness of the settlement because State Farm failed to intervene in the state court action to protect its interests. State Farm insists that it may still raise coverage defenses, that it is only liable for amounts in excess of the policy limits if it acted in bad faith, and that it may still challenge the reasonableness of the settlement. These issues will be addressed in turn.

### 1.      May State Farm Still Raise Coverage Defenses?

Jessica Munoz contends that as a result State Farm's unjustified failure to defend it can no longer raise coverage defenses and is automatically liable for the settled judgment, at least to the limits of coverage. In support of this position, Jessica Munoz cites *American General Fire & Cas. Co. v. Progressive Cas. Co*, 110 N.M. 741, 745-46, 799 P.2d 1113, 1117-18 (1990), *State Farm Fire & Casualty Co. v. Price*, 101 N.M. 438, 684 P.2d 524 (Ct.App.) *cert. denied*, 101 N.M. 362, 683 P.2d 44 (1984), and *Valley Improvement Assoc. Inc. v. United States Fidelity & Guaranty Corp.*, 129 F.3d 1108 (10th Cir. 1997).

In *Progressive, supra,* the New Mexico Supreme Court stated, "[a]n insurer suffers serious consequences upon its unjustified failure to defend after demand, including loss of the right to claim the insured settled without its consent and liability for a judgment entered against the insured or good faith settlement agreed to by the insured." 110 N.M. at 745-46, 799 P.2d at 1117-18 (*citing Price*, 101 N.M. at 445, 684 P.2d at 531). Although the quoted language supports Jessica Munoz's argument, the court in *Progressive* had already determined that the insurance company was in fact liable under the policy for the injuries at issue. Thus, the court did not actually hold or further discuss whether the insurer was precluded from raising coverage defenses after an unjustified refusal to defend.

On the other hand, in *Price, supra*, cited with approval in *Progressive*, the New Mexico Court of Appeals had concluded that the policy did not provide coverage but nevertheless held that the insurer was bound by the settled judgment as a result of its unjustified refusal to defend. 101 N.M. at 443-45, 684 P.2d at 529-31. The court stated simply, "[w]hen an insurance company unjustifiably fails to defend it becomes liable for a judgment entered against the insured and for any settlement entered into by the insured in good faith." *Id.* at 445, 531 (citing 14 Couch, §§ 51:58, 51:71) The only limitation noted by the court on the insurer's subsequent liability is that the settlement must be reasonable. *Id.*

Most recently, the Tenth Circuit Court of Appeals, addressed this issue in *Valley Improvement, supra*, 129 F.3d 1108. The Tenth Circuit held that the district court did not err in holding the insurer liable for $8,500 in settlement without "first determining whether any of the claims settled were within the coverage of the policies." *Id.* at 1125-26. The court stated, "[b]ecause we have affirmed the district judge's holding that [the insurer] breached its duty to defend, [the insurer] will not be heard to complain that the claims might not have been within the coverage." *Id.* at 1126. In support of this conclusion, the court cited the language from *Price* quoted above. *Id.* Thus, the court concluded, "[t]here is no merit to [the insurer's] attempt to avoid liability for its insured's reasonable settlements with some of the landowners." *Id.*

In contrast, State Farm cites to a decision of this court which explicitly rejected the contention that an insurer is precluded from later raising coverage defenses as a result of its unjustified refusal to defend. *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 857 F.Supp. 822, 833-34 as by modified 866 F.Supp. 1560, 1577 (D.N.M.1994). In *Servants*, Chief Judge Burciaga, reviewed both *Price* and *Progressive* and concluded that the New Mexico Supreme Court had not

actually ruled on the issue presented here. *Id*. at 833. Chief Judge Burciaga then turned to case law from other jurisdictions and held that

> [w]here an insurer unjustifiably refuses to defend, it has breached the insurance contract and normal contract damages principles should be applied. The injured party in a contract breach is entitled to receive what would have been obtained had there been no breach. By finding the insurer has a duty to indemnify as a penalty for refusing to defend, even if no coverage exists, the court [would be] improperly enlarg[ing] the bargained-for coverage.

*Id*. Chief Judge Burciaga reiterated and clarified this ruling on reconsideration, stating,

> [t]his Court correctly held [in its previous opinion] that under New Mexico law as the New Mexico Supreme Court would probably decide it, an insurer that unjustifiably breaches its duty to defend does not thereby become automatically liable for any reasonable, good faith settlement into which its insured enters. No New Mexico court has held otherwise; the decision is in accord with basic principles of New Mexico law; and, the majority of United States courts and commentators agree with the Court's position.

*Servants*, 866 F.Supp. at 1577. Chief Judge Burciaga further stated that he had not held that an

insurer could never be liable for the full amount of a good faith settlement if no liability existed

under the policy. *Id*. at 1578. Rather, if the insured could demonstrate that the full amount of the

settlement flowed as a foreseeable, consequential damage of the insurer's unjustified refusal to

defend, than the insured would be entitled to the full amount of the settlement as damages, not

withstanding any successful defenses to coverage of the underlying tort claims. *Id*.

The Court is here faced with a conflict between Chief Judge Burciaga's opinion and the more

recent decision of the Tenth Circuit as to what the current state of the law is in New Mexico.

Although the parties attempt to distinguish and harmonize the cases, a fair reading of both opinions

leads to the conclusion that *Servants* holds that the insurer may still raise coverage defenses even

after an unjustified refusal to defend while *Valley Improvements* holds that it may not. While Chief

Judge Burciaga's analysis is more detailed and comprehensive, this Court is not free to elect which analysis it finds more persuasive; this Court must adhere to Tenth Circuit precedent when faced with a conflict such as this.

Therefore, the Court concludes that, pursuant to *Valley Improvements*, because State Farm unjustifiably refused to defend its insured, it "will not be heard to complain that the claims might not have been within the coverage." *Valley Improvement,* 129 F.3d at 1125-26. State Farm may no longer raise any coverage defenses and is liable for the amount of the settlement, at least to policy limits, to the extent that the settlement was reasonable and entered into in good faith.

### 2. Is State Farm Liable for the Judgment Above Policy Limits?

Jessica Munoz next asserts that State Farm is liable for the full amount of the judgment beyond the policy limits based on its unjustified refusal to defend. State Farm contends that it can only be liable for amounts beyond the policy limits if it acted in bad faith. In this contention, State Farm is correct.

In *Lujan v. Gonzales*, 85 N.M. 229, 501 P.2d 673 (Ct.App. 1972), Allstate was found to have breached its duty to defend. The plaintiff sought to recover from the insurer the full amount of a $145,000 judgment against it, though the policy limit was a mere $10,000. *Id.* at 236, 680. The New Mexico Court of Appeals noted that the question of good faith was not relevant to Allstate's liability for its failure to defend. "This is so because Allstate is liable for its breach regardless of whether the breach was in good faith." *Id.* However, the court continued, "[t]he question of Allstate's good faith is of importance in connection with Allstate's failure to attempt to settle the claim against Gonzales. If this failure was in bad faith, Allstate may be held liable for the judgment against Gonzales in

20

excess of its policy limits." *Id*. Later the court stated, "Allstate's liability [on the excess judgment] was established by the finding that Allstate acted in bad faith toward its insured." *Id*. at 240, 684. More recently, the Court of Appeals in *Price, supra*, 101 N.M. 438, 684 P.2d 524 stated that the "failure to defend after being requested to do so may amount to bad faith, depending on the facts," but alone is not bad faith as a matter of law. *Id*. at 446, 532; *see also Foundation Reserve Ins. Co. v. Kelly*, 388 F.2d 528, 531-32 (10th Cir. 1968) (applying New Mexico law; "As a general rule of law when an insurance company in good faith mistakenly refuses to defend a claim it is not liable beyond the limits of its policy," but the insurer may be liable if bad faith is shown.); *State Farm Mutual Automobile Insurance Co. v. Skaggs*, 251 F.2d 356, 359-360 (10th Cir. 1957) (applying Oklahoma law; no liability for judgment in excess of policy limits where reasonable basis for insurer's refusal to defend and no other evidence acted in bad faith); 44 Am. Jur. 2d Insurance § 1417 (1982) (failure to defend does not make insurer liable for judgment in excess of policy absent evidence of bad faith); *Paiz v. State Farm Fire and Casualty Co*., 118 N.M. 203, 212, 880 P.2d 300, 309 (1994) (punitive damages against insurance company require showing of bad faith).

Absent evidence of bad faith on the part of State Farm, it is not liable for that portion of the settlement beyond its policy limits. *Lujan*, 85 N.M. at 240, 501 P.2d at 680. The question of whether State Farm did in fact act in bad faith is not currently before the Court and remains an issue for trial.

### 3. Is State Farm Estopped from Challenging the Reasonableness of the Settlement?

Next Jessica Munoz argues that State Farm is estopped from challenging the reasonableness of the settlement for $1,000,000, either because that issue was determined in the state court proceeding below or because State Farm failed to intervene in the state court proceeding to protect

its interests. State Farm responds that the reasonableness of the settlement was never adjudicated and that it may challenge the reasonableness of the amount in a collateral proceeding such as this one. Again, State Farm is correct.

First, the trial judge in the primary state court action specifically refused to enter a finding that the settlement was reasonable and in fact expressed his view that it was not. No adversarial proceedings were held on the amount of the settlement at all. Thus, Jessica Munoz's assertion that the issue has already been litigated lacks factual support.

Second, New Mexico courts have consistently held that the insurer who unjustifiably refuses to defend its insured is only bound to a settlement that is reasonable and was entered in good faith. "New Mexico law requires that settlements entered without the insurer's knowledge or consent be reasonable and in good faith, even if the insurer breached its duty to defend." *Continental Casualty Co. v. Westerfield*, 961 F.Supp. 1502, 1504-1505 (D.N.M. 1997); *Progressive Cas. Co.*, 110 N.M. at 746, 799 P.2d at 1117-18 ("the settlement must be reasonable, and the insurer is not precluded from asserting as a defense that the settlement was unreasonable"); *Price,* 101 N.M. at 444-45, 684 P.2d at 530-31 ("The settlement must be reasonable. . . . On retrial jury issues may include Price's good faith in making the settlement and the reasonableness of its amount.); *Lujan*, 85 N.M. at 240, 501 P.2d at 680 (case remanded to determine if settlement amount was reasonable). In each of these cases the insurer had breached its duty to defend and had made no effort to intervene in the primary trial court action or to appeal the entry of judgment but instead attacked the settlement in a collateral proceeding. The New Mexico courts consistently recognized that the insurer retained the right to challenge the reasonableness of the settlement, despite having taken no action to protect their interests in the primary action.

Further, this Court recently observed that settlements such as this one, "coupled with a covenant of non-execution" warrant heightened scrutiny. *Westerfield*, 961 F.Supp. at 1504. Chief Judge Conway, quoting from a California opinion, observed,

> a stipulated judgment . . . which is coupled with a covenant not to execute against the insured brings with it a high potential for fraud or collusion. With no personal exposure the insured has no incentive to contest liability or damages. To the contrary, the insured's best interests are served by agreeing to damages in any amount as long as the agreement requires the insured will not be personally responsible.

*Id.* (*quoting Pruyn v. Agricultural Ins. Co.*, 36 Cal.App.4th 500, 42 Cal.Rptr.2d 295 (Ct.App. 2 Dist.1995), as modified (July 12, 1995), as modified on denial of reh'g, 42 Cal.Rptr.2d 295 (July 19, 1995). Thus, despite the fact that the insurer had not participated in any manner in the primary action, Chief Judge Conway held that the insurer could not be bound to a $29 million settlement which he concluded was unreasonable as a matter of law. *Id.*

Similarly, in the present case, State Farm is still entitled to challenged the reasonableness and good faith of the settlement reached between Jessica Munoz and Patrick Ruiz. *Id.* The reasonableness of the settlement is not currently an issue before the Court and remains a question for trial.

C.     **Collateral and Judicial Estoppel of Parties Positions**

Finally, the parties each contend that the other is collaterally or judicially estopped from relitigating whether Patrick Munoz died as a result of an accidental fall or as the result of intentional injuries inflicted on him by his father. As an initial matter, the Court must note that the question of what caused Patrick Munoz's death is itself no longer an issue in this case. Having concluded that State Farm is precluded from raising coverage defenses, whether Patrick Munoz died as a result of

an accident or as the result of intentional injuries inflicted by his father is no longer directly relevant. The issues which remain in this case are solely whether the settlement amount is reasonable and was entered into in good faith and whether State Farm acted in bad faith in failing to settle the claim.

Moreover, to the extent that the source of Patrick Munoz's injuries is peripherally relevant to the live issues in this case, it is not relevant to the resolution of this summary judgment motion. Thus, the Court will not rule on these issues at present.

However, the Court must observe that the behavior of the parties throughout the course of this litigation is troubling. In their moving papers, each party accusses the other of "playing games." Indeed, the Court is convinced that both parties are "playing fast and loose with the facts" in this case. When it is in her interest, Jessica Munoz argues that Patrick Munoz "may" have died as a result of a fall, and when it is in her interest, she argues that he "did" die as a result of his father's abuse. Likewise, State Farm defended one insured on the grounds that Patrick Munoz fell from a tree while simultaneously claiming and now asserting again that it has been conclusively established that he died as a result of the abuse. The conclusion is inescapable that neither party is concerned with that old fashioned concept, the truth.

The parties in this case have demonstrated fine examples of "zealous" advocacy and, in so doing, demonstrated all of the short comings of the advocacy system. At this stage, the Court will only observe that both parties in this case have unclean hands.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment **[Doc. No. 83]** is hereby **GRANTED IN PART**. The Court hereby enters judgment in favor of

Defendant Jessica Munoz on her cross-complaint as to Count II alleging breach of contract by State Farm. Further, as a result of that breach, State Farm may no longer pursue affirmative coverage defenses to indemnifying Patrick Ruiz for the settlement in the underlying tort action. All other portions of Defendant's Motion for Summary Judgment are hereby **DENIED**.

_____

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff State Farm:
      Rudolph A. Lucero

Attorneys for Defendant Jessica Munoz:
      Robert J. Maguire
      Peter D. White
      Mark J. Riley